UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEVEN RAY BREWER

    Petitioner,

-vs-                                                  Case No. 8:12–cv-2262-T-30TGW
                                                 Criminal Case Nos. 8:02-cr-143-T-30TGW
                                                                  8:03-cr-204-T-30AEP

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

Before the Court is Petitioner's motion to vacate filed pursuant to 28 U.S.C. § 2255 (CV Dkt. 1). Petitioner is challenging his 2010 plea-based convictions and sentences for conspiracy to commit wire fraud, conspiracy to commit securities fraud, and money laundering.

Petitioner did not sign his motion to vacate in accordance with Fed. R. Civ. P. 11(a)[1] and Rule 2(b) of the Rules on Motion Attacking Sentence Under Section 2255 (2012).[2] The motion to vacate will therefore be stricken and returned to Petitioner.

ACCORDINGLY, the Court **ORDERS** that:

---

[1] Rule 11(a) states in pertinent part that "[e]very pleading. . .must be signed by. . .a party personally if the party is unrepresented."

[2] 2(b) states in pertinent part that "[t]he motion must. . .(5) be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant."

1. The Clerk shall **STRIKE** the motion to vacate (CV Dkt.1) and return it to Petitioner.

2. Petitioner shall, within **FIFTEEN (15) DAYS** from the date of this Order, sign the motion to vacate under penalty of perjury and return the motion to vacate to the Clerk's office. Failure to respond within the allotted time **will result in dismissal of this cause of action without further notice**.[3]

3. The Clerk is directed to **STRIKE** the motion to vacate found at Dkt. #80 in the underlying criminal case 8:02-cr-143-T-30TGW, and at Dkt. #70 in the underlying criminal case 8:03-cr-204-T-30AEP.

**DONE** and **ORDERED** in Tampa, Florida on October 10, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Petitioner *pro se*

---

[3] Petitioner should note that if he fails to respond to this Order and this case is dismissed, any subsequently-filed motion to vacate in this Court challenging the same conviction may be barred by the one-year limitation period for filing a motion to vacate in the federal courts. *See* 28 U.S.C. § 2255(f).